L. C. SMITH & CORONA TYPEWRITERS, INC., Plaintiffs, *v.* ROYAL INDEMNITY COMPANY and Another, Defendants.

Supreme Court, Westchester County, September 27, 1934.

*London, Guzik & London* [*Leo Guzik* of counsel], for the plaintiff.

*Frank A. Bennett* [*Irving J. Bland* of counsel], for the defendant John J. Pignataro.

*Ireland, Cohen & Hendrickson*, for the defendant Royal Indemnity Company.

BLEAKLEY, J.   The defendant, a city marshal of the city of Mount Vernon, seized a typewriter in the possession of one Byanke under an execution directed against Byanke, a judgment debtor. The plaintiff notified the marshal that it was the owner of the typewriter and had rented it to the judgment debtor.   Notwithstanding the notice, the marshal sold the machine.   The plaintiff now sues in conversion.   The defendants answer and allege as a separate defense that only the right, title and interest of the judgment debtor was sold.   This defense is without merit.   The sale constituted a

conversion if the plaintiff is the true owner. A second defense is interposed to the effect that the plaintiff failed to present to the defendant marshal an affidavit specifying the particulars required by section 696 of the Civil Practice Act. An owner is not obligated to file such an affidavit. It is optional with him so to do. If he files the affidavit, the question of ownership may be submitted to a jury drawn by the sheriff. If the jury decides that the property belongs to the claimant, the sheriff may refuse to sell or may exact an indemnity bond. If the jury decides that the property belongs to the judgment debtor, the sheriff is not protected, for the owner may sue and recover in conversion if he establishes ownership. The only instance in which the sheriff is protected is where there is a finding in favor of the claimant and a bond is exacted. The affidavit furnishes no protection where the verdict is against the claimant. It follows that the failure to file the affidavit is not a matter of defense, for the filing of the affidavit is not for the protection of the sheriff. The notice to the marshal, though not in affidavit form, was equivalent to a demand.

The motion to strike out is granted.